**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TERRY DAUM,

                              Plaintiff,

          - v -                                    Civ. No. 9:15-CV-1083
                                                               (DNH/DJS)

CAPT. STEVEN RACETTE, *et al*,

                              Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| TERRY DAUM<br>Plaintiff, *Pro Se*<br>97-A-1295<br>Great Meadow Correctional Facility<br>11739 State Route 22<br>P.O. Box 51<br>Comstock, New York 12821-0051 | |
| HON. BARBARA D. UNDERWOOD<br>Attorney General of the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | MARK MITCHELL, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION and ORDER**

      Presently pending is Plaintiff's Motion for Sanctions. Dkt. No. 80. Plaintiff filed an additional letter in support of his Motion. Dkt. No. 81. Defendant opposes the Motion. Dkt. No. 82. With leave of Court, Plaintiff filed a Reply. Dkt. No. 90. Plaintiff seeks sanctions regarding Defendants' alleged failure to comply with their discovery obligations. For the

reasons that follow, the Motion for Sanctions is denied.

Plaintiff's papers raise three principal issues with Defendants' production of discovery material.[1] First, he alleges that an Office of Special Investigations ("OSI") file has been tampered with and that he was not provided the opportunity to review the full file. Plaintiff had previously reviewed the OSI file and by Court Order was granted an additional opportunity to review the file. Dkt. No. 76. Plaintiff reviewed the file again on February 14, 2018. Dkt. No. 82, Declaration of Mark Mitchell ("Mitchell Decl."), ¶ 6. Plaintiff now claims that when he reviewed the file on that date it was missing material that he had previously reviewed in the file. Dkt. No. 80, p. 1; Dkt. No. 81, p. 2. He alleges that sanctions should be imposed as a result of this attempt to "cover-up information." Dkt. No. 80, p. 1. Defendants deny that any information has been withheld from Plaintiff and maintain that the information he claims to have previously reviewed is not a part of the OSI file. Mitchell Decl., ¶ 6; Dkt. No. 82-6, Declaration of Shawn Mousseau ("Mousseau Decl."), ¶¶ 3-5.

Second, Plaintiff objects to the production regarding time records regarding Defendant Cross for a particular time period. Plaintiff requested "time cards," but in response to the request Plaintiff was provided with a "Security Sergeant's Planning Grid" indicating assigned posts, shifts, and assignments for staff, including Defendant Cross. *See* Dkt. No. 81, p. 1;

---

[1] Plaintiff raises several additional issues in his Reply. Defendants have not had the opportunity to respond to those issues and they are not addressed here. *See Nuss v. Sabad*, 2013 WL 5493899, at *10 n. 5 (N.D.N.Y. Sept. 30, 2013) ("The Court need not consider issues raised for the first time in a party's reply brief."). Additionally, to the extent Plaintiff's submissions seek new discovery those requests are denied as discovery in this case is closed.

Dkt. 82-5. Defendants assert that following a diligent search they are unable to locate any other time records for Cross during this period. Mitchell Decl., ¶ 5.

Finally, Plaintiff objects to having not received certain telephone logs that he requested for a period of time in April 2014. Dkt. No. 81, p. 2. Defendants have provided Plaintiff with some records of telephone calls during this time period. Dkt. No. 82-3.

"Rule 37 of the Federal Rules of Civil Procedure permits the court to impose sanctions for a party's failure to obey a discovery order." *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010). "The party moving for sanctions . . . bears the initial burden of demonstrating its adversary's discovery noncompliance." *Scantibodies Lab., Inc. v. Church & Dwight Co.*, 2016 WL 11271874, at *18 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) (citing cases). On this record Plaintiff has failed to meet this burden.

The record contains a sworn Declaration that the OSI file provided to Plaintiff in February 2018 was not in any way altered and that it does not contain the material Plaintiff claims to have previously reviewed. Mousseau Decl., ¶¶ 3-5. In light of this sworn statement, Plaintiff's conclusory assertions to the contrary are not a basis for imposing sanctions. *Biosafe-One, Inc. v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009).

Similarly, the record establishes that after a diligent search the only available time records for Defendant Cross have been produced to Plaintiff. *See* Mitchell Decl., ¶ 5. While these records may not provide Plaintiff with all the information he desires, the Court finds

no basis for concluding that Defendants have not fully complied with their discovery obligations.

With regard to the issue of telephone records, the Court notes that Plaintiff previously objected to Defendants's alleged failure to properly produce telephone logs for April 4 through April 7, 2014. *See* Dkt. No. 56, p. 2. In an Order filed February 5, 2018, the Court noted that this was among items to which Defendants objected and that the Court was sustaining those objections. Dkt. No. 76, p. 2. Defendants, therefore, were under no obligation to produce those records and their failure to do so is thus no basis for sanctions.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Motion for Sanctions (Dkt. No. 80) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

Date: September 10, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge