UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TERRY DAUM,

      Plaintiff,

  -v-                         9:15-CV-1083

CAPTAIN DELVIN, SERGEANT
CROSS, and C. STICKNEY, Corrections
Officer,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SAUNDERS, KAHLER LAW FIRM<br>Attorneys for Plaintiff<br>185 Genesee Street Suite 1400<br>Utica, New York 13501 | MICHAEL D. CALLAN, ESQ.<br>WILLIAM DORTCH WALLACE,<br>  II, ESQ. |
| HON. LETITIA JAMES<br>Attorney General for the<br>  State of New York<br>Attorneys for Plaintiffs<br>The Capitol<br>Albany, New York 12224 | MARK G. MITCHELL, ESQ.<br>Assistant Attorney General<br>LAUREN ROSE EVERSLY, ESQ.<br>Assistant Attorney General |

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS IN LIMINE

A jury trial in this matter is scheduled to begin on Monday, April 5, 2021

at 9:30 a.m. in Utica, New York. The parties have moved *in limine* for

pretrial rulings on the admissibility of certain evidence and on one matter of jury instruction. Those motions have been fully briefed.

The standard governing a motion *in limine* was explored in detail in this Court's recent opinion in *Walker v. Schult*, 365 F. Supp. 3d 266, 274-75 (N.D.N.Y. 2019). The Court need not repeat that standard now. But in brief, "[e]vidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* Accordingly, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id.*

There are seven evidentiary matters for which the parties seek pretrial resolution. First, defendants have moved for permission to inquire into plaintiff's felony convictions, including the statutory names of his offenses of conviction, the dates of those convictions, and the overall sentence imposed. Plaintiff has cross-moved to preclude that testimony.

Both parties' motions are granted in part and denied in part. Defendants may inquire into plaintiff's number of felony convictions and the time he has spent in prison thus far. The latter is relevant to establish plaintiff's familiarity with the prison environment. Defendants may not inquire into the names of plaintiff's offenses, his dates of convictions, or his overall sentence. The same limitations apply to plaintiff's proposed inmate witnesses.

Second, defendants have moved for permission to cross-examine plaintiff about a prior civil suit he filed in the Western District of New York. That motion must be denied. That testimony is of too limited relevance to justify the wasted time and likelihood of confusing the issues including it would entail.

Third, defendants have requested permission to cross-examine plaintiff about deposition testimony that he has assaulted prison staff on six occasions. That motion must be denied. The proposed evidence would be inadmissible hearsay unless plaintiff himself opens the door for its inclusion.

Fourth, plaintiff has moved for leave to offer testimony and evidence concerning defendants' reputation for using excessive force, failing to intervene in the bad acts of other corrections officers, and retaliating against inmates for protected activities. Defendants have cross-moved to preclude that evidence, as well as evidence of other inmates being harmed at Clinton Correctional Facility. Plaintiff's motion must be denied, and defendants' motion must be granted. The proposed evidence would be inadmissible hearsay.

Fifth, defendants have moved to preclude plaintiff from offering testimony or other evidence of an alleged failure to provide medical care. That motion must be denied. Evidence of plaintiff's medical condition would be relevant to establish the extent of his injuries, as well as any damages.

Sixth, defendants have moved to exclude plaintiff's requests to call other incarcerated witnesses. That motion must be denied. The parties may take video depositions of each of plaintiff's three proposed incarcerated witnesses. However, the parties are to be mindful of the Court's rulings on the present motions in taking those depositions.

Seventh, plaintiff has requested permission to move for a spoliation instruction concerning the post-injury x-ray images he claims defendants or the Department of Corrections and Community Supervision failed to produce. The Court reserves decision on a spoliation instruction until and unless it becomes germane to the trial.

As a final matter, the Court notes that if a party opens the door on direct examination for testimony that this order would otherwise preclude, the Court will permit cross-examination on those issues.

Therefore, it is

ORDERED that

1. Defendants Captain Delvin, Sergeant Cross, and C. Stickney's motions *in limine* are GRANTED in part and DENIED in part; and

2. Plaintiff Terry Daum's motion *in limine* is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: March 25, 2021
      Utica, New York.

David N. Hurd
U.S. District Judge