UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRY DAUM,

        Plaintiff,

    -v-                      9:15-CV-1083

CAPTAIN DEVLIN, SERGEANT
CROSS, and CORRECTIONS
OFFICER STICKNEY,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                     OF COUNSEL:

TERRY DAUM
Plaintiff, Pro Se
97-A-1295
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

HON. LETITIA JAMES              THOMAS A. CULLEN, ESQ.
New York State Attorney General    Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On September 4, 2015, *pro se* plaintiff Terry Daum ("plaintiff") who was, and now is, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that various DOCCS officials violated his rights under the Eight Amendment. Dkt. No. 1. Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On November 17, 2015, this Court granted plaintiff's IFP Application and conducted an initial review of the original pleading. Dkt. No. 7. At that time, the Court dismissed some of plaintiff's claims against certain defendants but permitted several others to proceed. *Id.* As relevant here, allegations of an Eighth Amendment violation arising from two pat frisk searches conducted by defendant Stickney were dismissed. *Id.*

Thereafter, plaintiff amended his complaint to add some First Amendment retaliation claims, Dkt. No. 29, the parties completed discovery, and the case went to a jury trial on plaintiff's § 1983 excessive force / failure to intervene and retaliation claims against defendants Stickney, Devlin, and Cross. The jury heard two days of proof and returned a defense verdict. Dkt. No. 173. Judgment was entered accordingly. Dkt. No. 174. Plaintiff appealed. Dkt. No. 176.

On June 26, 2023, a panel of the Second Circuit vacated and remanded the dismissal of plaintiff's Eighth Amendment claims for sexual abuse and failure to intervene against defendants Stickney, Devlin, and Cross arising from the two pat frisk searches. Dkt. No. 189. According to the Circuit, the early dismissal of those claims was based on a misapplication of *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015). Notably, however, the Second Circuit instructed this Court—on remand—to consider whether qualified immunity might apply to defeat these remaining claims. Dkt. No. 183.

On August 31, 2023, defendants moved to dismiss plaintiff's remanded sexual abuse claims on the basis of qualified immunity. Dkt. No. 194. After briefing, Dkt. Nos. 196, 197, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion to dismiss be granted in part and denied in part. Dkt. No. 204.

Plaintiff has lodged objections. Dkt. No. 205. Upon *de novo* review, the R&R is accepted and will be adopted in all respects. 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 204) is ACCEPTED;

2. Defendants' motion to dismiss (Dkt. No. 194) is GRANTED in part and DENIED in part;

3. Defendant' motion to dismiss plaintiff's Eighth Amendment sexual abuse claims against defendant Stickney arising out of the <u>first</u> pat frisk that occurred at or near the recreation yard at Clinton Correctional Facility on April 4, 2014 is GRANTED; and

4. Defendants' motion to dismiss plaintiff's Eight Amendment sexual abuse claims against defendants Stickney, Devlin, and Cross arising out of the <u>second</u> pat frisk that occurred later in the evening at or near the B-Block interview room is DENIED.

This matter is REFERRED to Judge Stewart for further proceedings as appropriate.

IT IS SO ORDERED.

Dated: August 15, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge