UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRY DAUM,

                Plaintiff,

        -v-                          9:15-CV-1083 (DNH/DJS)

CAPTAIN DEVLIN *et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

Over a decade ago, *pro se* plaintiff Terry Daum ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that DOCCS officials violated his Eighth Amendment rights. Dkt. No. 1. Because plaintiff sought IFP status, Dkt. Nos. 2, 3, this Court conducted an initial review of the pleading and permitted certain claims to go to discovery. Dkt. No. 7. However, this Court determined that certain claims could *not* go to discovery: allegations against defendants Stickney, Devlin, and Cross involving two pat-frisk searches. *Id.*

Thereafter, plaintiff amended his complaint to add some First Amendment retaliation claims, Dkt. No. 29, the parties completed discovery, Dkt. No. 126, the Court assigned *pro bono* counsel for plaintiff, *see* Dkt. No. 136, and the

case went to a jury trial on plaintiff's § 1983 claims in the spring of 2021. The jury heard two days of proof and returned a defense verdict. Dkt. No. 173.

Plaintiff appealed. Dkt. No. 176. There, a panel of the Second Circuit concluded that this Court had erred in dismissing, way back on initial review, plaintiff's Eighth Amendment sexual-abuse claims based on the two pat-frisk searches. Dkt. No. 189. The panel vacated and remanded with instructions to consider whether qualified immunity might nevertheless apply to defeat plaintiff's remaining claims. *Id.*

On remand, defendants moved to dismiss plaintiff's remanded sexual-abuse claims on the basis of qualified immunity. Dkt. No. 194. After briefing, Dkt. Nos. 196, 197, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion to dismiss be granted in part and denied in part. Dkt. No. 204.

This Court adopted the R&R over plaintiff's objections on August 15, 2024. Dkt. No. 206. As relevant here, defendants' Eighth Amendment sexual-abuse claims arising out of the second pat frisk (against Stickney, Devlin, and Cross) survived dismissal. *Id.*

Defendants answered, Dkt. No. 207, the parties conducted a renewed period of discovery, Dkt. No. 216, and defendants moved for summary judgment on the remaining claim by reasserting that qualified immunity should apply. Dkt. No. 225. After briefing, Dkt. Nos. 230, 231, 234, Judge Stewart advised

in a second R&R that defendants' motion for summary judgment should be granted. Dkt. No. 235.

Neither party has lodged objections to the R&R, and the time period in which to do so has expired. Dkt. No. 235. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 235) is ACCEPTED;

2. Defendant's motion for summary judgment (Dkt. No. 225) is GRANTED; and

3. Plaintiff's operative complaint (Dkt. No. 30) is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: February 26, 2026
       Utica, New York.

David N. Hurd
U.S. District Judge